UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

ALBERT FORD,                                                     No. 1:12-cv-12079-WGY

    Plaintiff,

    v.

BRUCE GELB, Superintendent of the Souza
Baranowski Correctional Center;
OSVALDO VIDAL, Deputy Superintendent;
MICHAEL RODRIGUES, Deputy Superintendent,

    Defendants.

## ANSWER

## PARTIES

1.    Defendants admit the allegations contained in this paragraph.

2.    Defendants admit the factual allegation that Bruce Gelb currently serves as the Superintendent of the Souza Baranowski Correctional Center. All other allegations contained in this paragraph are conclusions of law that require no responsive pleading.

3.    Defendants admit the factual allegation that Osvaldo Vidal currently services as Deputy Superintendent of the Souza Baranowski Correctional Center. Defendants also admit that in the general sense, Mr. Vidal's duties include supervision over the housing of inmates, inasmuch a function of Souza Baranowski is to house inmates. All other allegations contained in this paragraph are conclusions of law that require no responsive pleading.

4.    Defendants admit the factual allegation that Michael Rodrigues is a Deputy Superintendent of the Souza Baranowski Correctional Center. Defendants also

admit that in the general sense, Mr. Vidal's duties include supervision over the housing of inmates, inasmuch a function of Souza Baranowski is to house inmates. All other allegations contained in this paragraph are conclusions of law that require no responsive pleading.

## JURISDICITON AND VENUE

5.      This paragraph contains only a jurisdictional statement that requires no responsive pleading.

6.      This paragraph contains only a claim of entitled to declaratory relief that requires no responsive pleading.

7.      This paragraph contains only an assertion of venue that requires no responsive pleading.

## STATEMENT OF FACTS

8.      Defendants make no response to allegations concerning prior litigation entitled, Albert Ford v. James Bender and Peter St. Amand, D.Mass. 07-cv-11457-JGD inasmuch as the record of this litigation speaks for itself.

9.      Defendants make no response to allegations concerning prior litigation entitled, Albert Ford v. James Bender and Peter St. Amand, D.Mass. 07-cv-11457-JGD inasmuch as the record of this litigation speaks for itself.

10.     Defendants make no response to allegations concerning prior litigation entitled, Albert Ford v. James Bender and Peter St. Amand, D.Mass. 07-cv-11457-JGD inasmuch as the record of this litigation speaks for itself.

11.     Defendants make no response to allegations concerning prior litigation entitled, <u>Albert Ford v. James Bender and Peter St. Amand</u>, D.Mass. 07-cv-11457-JGD inasmuch as the record of this litigation speaks for itself.

12.     Defendants admit the factual allegations contained in this paragraph.

13.     Defendants admit the factual allegations contained in this paragraph, and in further answer, defendants state that the public record of the Barnstable Superior Court (published at www.ma-trialcourts.org) for BACR2012-00142 reflects that indictments were returned on November 1, 2012 charging plaintiff with violating G.L. c. 266, § 17 (Breaking and Entering in the Daytime with Intent to Commit a Felony), G.L. c. 266, § 49 (Possession of Burglarious Instruments), G.L. c. 274, § 6 (Attempt to Commit a Crime) and Being a Habitual Criminal. The record further reflects that plaintiff was arraigned on November 28, 2012 and entered pleas of not guilty on the four counts.

14.     Allegations concerning the plaintiff's confinement in the Barnstable County Correctional Facility do not pertain to the defendants, and the defendants have insufficient information to form a belief as to the veracity of the factual allegations concerned in this paragraph.

15.     Allegations concerning the plaintiff's confinement in the Barnstable County Correctional Facility do not pertain to the defendants, and the defendants have insufficient information to form a belief as to the veracity of the factual allegations concerned in this paragraph.

16.     Allegations concerning the plaintiff's confinement in the Barnstable County Correctional Facility do not pertain to the defendants, and in addition, the

defendants have insufficient information to form a belief as to the veracity of the factual allegations concerned in this paragraph.

17.     Defendants admit that the plaintiff was transferred from the Barnstable County Correctional Facility to Souza Baranowski Correctional Center on August 27, 2012 and that his new identification number is A121448.

18.     Defendants admit the factual allegations contained in this paragraph to the extent that plaintiff had previously resided as a convicted inmate at the Souza Baranowski Correctional Center during February 2012 and from April 1 to April 17, 2012; that he was held in general population, except from March 8 to March 12, 2012, when he was held in a Special Management Unit; that while in general population, plaintiff was confined to his cell at night and for approximately two hours during the day; that he at his meals in the general dining hall and exercised with other prisoners in the yard; that he did hold an institutional job cleaning hallways (until he was fired on March 8, 2012 for setting a fire); that he attended religious services; and that he participated in a reentry workshop. Defendants deny the factual allegation that the plaintiff was not charged with any disciplinary infractions or received any disciplinary reports, and state in further answer that on March 8, 2012, plaintiff was issued a disciplinary report (for setting a fire and other charges) for which he plead guilty.

19.     Defendants admit the allegations contained in this paragraph.

20.     Defendants admit the factual allegation that plaintiff filed a grievance on August 28, 2012. Defendants make no response to allegations concerning the grievance record, inasmuch as the record of the grievance speaks for itself.

21. Defendants admit the factual allegations contained in this paragraph only to the extent that on September 10, 2012, plaintiff was escorted from his cell to meet with members of the Inner Perimeter Security (IPS) team concerning incident at Souza Baranowski Correctional Center; that following the meeting, the plaintiff was returned to his cell and placed on awaiting action status; that plaintiff was confined to his cell; that plaintiff was allowed out of his cell to receive insulin, take showers and use the telephone; and that no disciplinary report issued. Defendants deny all other allegations contained in this paragraph.

22. Defendants admit the factual allegations contained in this paragraph only to the extent that on September 19, 2012, plaintiff met with members of the IPS team concerning information that plaintiff was making weapons and concerning whether plaintiff was having personal issues with Latin King gang members since his return to prison; that plaintiff signed a waiver on October 15, 2012; and that as of these dates, plaintiff had not received a disciplinary report. Defendants deny all other allegations contained in this paragraph.

23. Defendants admit the factual allegations contained in this paragraph only to the extent that the plaintiff was transferred to the L-1 unit on September 19, 2012. In further answer, defendants state that plaintiff remained on awaiting action status until November 7, 2012; that during the period on awaiting action status, plaintiff was confined to his cell except to receive insulin, take showers and make telephone calls. Defendants deny all other allegations contained in this paragraph.

24. Defendants admit the factual allegations contained in this paragraph only to the extent that Superintendent Gelb and Deputy Superintendent Rodrigues visited the

L-1 Unit periodically; that a purpose of such visits is to afford inmates with staff access; that inmates refer to this staff access as "happy hour", and that inmates may request in advance to speak with prison administrators during staff access. Defendants admit the factual allegations that plaintiff is a "security risk;" that as of the date of the complaint, there have been no hearings to assess the plaintiff's risk level; and in further answer, defendants state that the security risk presented by convicted prisoners and detainees is not assessed by a hearing. Defendants deny all other allegations contained in this paragraph.

25. Defendants deny all allegations contained in this paragraph.

26. Defendants have insufficient information to form a belief as to the veracity of allegations in this paragraph concerning the content of conversations between the plaintiff and "other prison officials." Defendants deny that the allegation that the conditions in L-1 were "punitive." Defendants admit the factual allegation that plaintiff signed a waiver. Defendants deny all other allegations contained in this paragraph.

27. Defendants deny all allegations contained in this paragraph and deny the characterization of his confinement as "unconstitutional."

28. Defendants deny the factual allegation contained in this paragraph.

29. Defendants admit the factual allegation that plaintiff filed a grievance on October 18, 2012. Defendants make no response to allegations concerning the grievance record, inasmuch as the record of the grievance speaks for itself. Defendants have insufficient information to form a belief as to the veracity of allegations concerning the plaintiff's access to a procedural statement and the inmate handbook for L-1.

30. Defendants admit the factual allegations contained in this paragraph only to the extent that during his awaiting action confinement on L-1, plaintiff was unable go outside, that he was unable to eat with other inmates and that his access to the shower and telephone was limited. Defendants deny all other allegations contained in this paragraph.

31. Defendants admit the factual allegations contained in this paragraph only to the extent that during his awaiting action confinement on L-1, the plaintiff did not receive formal notice or a hearing. Defendants deny all other allegations contained in this paragraph.

32. Defendants deny all allegations that the defendants did not arrange for the plaintiff's transportation to the Barnstable District Court. In further answer, defendants state that the plaintiff is a Barnstable County inmate, not a state inmate, and therefore, the County is responsible for the plaintiff's transport to court, not the Department of Correction. There have been occasions in which court trips were cancelled by the Court or by the County, not by the Department of Correction. The plaintiff went to the Barnstable Superior Court on November 28, 2012.

33. Defendants have insufficient information to form a belief as to veracity of the factual allegation that the telephone access provided to the plaintiff while on awaiting action status hindered plaintiff's ability to gather information for use in the criminal proceedings in Barnstable County. In further answer, defendants assert that the docket sheet in the criminal case documents that the plaintiff is represented by counsel in the criminal case, and that the defendants have not receive any communication from plaintiff's counsel in the criminal case regarding the plaintiff's telephone access.

34. Defendants have insufficient information to form a belief as to the veracity of the factual allegation that the conditions of plaintiff's awaiting action confinement hindered plaintiff's ability to prepare for his defense. In further answer, defendants assert that the docket sheet in the criminal case documents that the plaintiff is represented by counsel in the criminal case, and that the defendants have not receive any complaint from plaintiff's counsel in the criminal case asserting that plaintiff's ability to prepare for his defense has been hindered.

35. Defendants have insufficient information to form a belief as to the veracity of allegations contained in this paragraph. In further answer, defendants note that paragraph 23 of the plaintiff's compliant asserts that plaintiff received thrice daily insulin shots.

36. Defendants have insufficient information to form a belief as to the veracity of the allegations contained in this paragraph.

37. Defendants have insufficient information to form a belief as to the veracity of the allegations contained in this paragraph.

38. Defendants have insufficient information to form a belief as to the veracity of the factual allegations contained in this paragraph. Defendants deny that plaintiff's awaiting action confinement was unconstitutional.

## **COUNT ONE**

39. Defendants restate and reassert their responses to paragraphs 1-38, as if fully state herein.

40. Defendants deny all allegations contained in this paragraph.

41. Defendants deny all allegations contained in this paragraph.

42. Defendants deny all allegations contained in this paragraph.

43. Defendants deny all allegations contained in this paragraph.

## **COUNT TWO**

44. Defendants restate and reassert their responses to paragraphs 1-43, as if fully state herein.

45. Defendants deny all allegations contained in this paragraph.

46. Defendants deny all allegations contained in this paragraph.

47. Defendants deny all allegations contained in this paragraph.

## **COUNT THREE**

48. Defendants restate and reassert their responses to paragraphs 1-47, as if fully state herein.

49. Defendants deny all allegations contained in this paragraph.

50. Defendants deny all allegations contained in this paragraph.

## **COUNT FOUR**

51. Defendants restate and reassert their responses to paragraphs 1-50, as if fully state herein.

52. Defendants deny all allegations contained in this paragraph.

53. Defendants deny all allegations contained in this paragraph.

## **PRAYER FOR RELIEF**

Defendants assert that the plaintiff is not entitled to any of the relief requested herein.

## DEFENSES

First Defense – The complaint fails to state a claim upon which relief can be granted.

Second Defense – The defendants are entitled to qualified immunity with respect to all allegations that they violated plaintiff's Federal and Massachusetts constitutional rights.

Third Defense – The complaint is barred in whole or in part by the provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

Fourth Defense – The complaint is barred in whole or in part by the provisions of. 42 U.S.C. § 1997e(a), as the plaintiff has failed to exhaust his administrative remedies.

Fifth Defense – The complaint is barred in whole or in part by the provisions of 42 U.S.C. § 1997e(e), as the plaintiff has failed to allege a sufficient physical injury.

Sixth Defense – The complaint as it requests injunctive relief is barred in whole or in part by the provisions of 18 U.S.C. § 3626.

Seventh Defense – The complaint is barred in whole or in part by the provision of G.L. c. 127, § 38F.

Eighth Defense – The complaint is barred in whole or in part by the doctrine of sovereign immunity.

Ninth Defense - Any actions taken by the defendants were performed within the scope of their duties, authority, and jurisdiction, and made in good faith, without malice and without corruption, and therefore, the defendants are entitled to common law immunity with respect to any common law torts alleged in the complaint.

Tenth Defense - Because of his own conduct, the plaintiff is estopped from raising any of the claims he may have against the defendants for matters asserted in the complaint.

Eleventh Defense - To the extent that the plaintiff seeks declaratory relief, the Court should enter a declaration that the actions of the defendants were lawful.

Twelfth Defense – The complaint is barred in whole or in part by the doctrines of claims preclusion and issues preclusion.

Thirteenth Defense - Defendants reserve the right to amend this Answer to incorporate additional defenses.

Dated: December 4, 2012           Respectfully Submitted,

                                  NANCY ANKERS WHITE
                                  Special Assistant Attorney General


                                  /s/ William D. Saltzman
                                  William D. Saltzman
                                  BBO No. 439749
                                  Department of Correction
                                  70 Franklin Street, Suite 600
                                  Boston, Massachusetts 02110-1300
                                  (617) 727-3300, Ext. 154
                                  wdsaltzman@doc.state.ma.us

## CERTIFICATE OF SERVICE

I, William D. Saltzman, counsel for the defendants, hereby certify that I did serve this document upon counsel for plaintiff through the Court's electronic filing system (ECF) this 4th day of December, 2012.

                                  /s/ William D. Saltzman
                                  William D. Saltzman