UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

ALBERT FORD,                                             No. 1:12-cv-12079-WGY

    Plaintiff,

    v.

BRUCE GELB, Superintendent of the Souza
Baranowski Correctional Center;
OSVALDO VIDAL, Deputy Superintendent;
MICHAEL RODRIGUES, Deputy Superintendent,

    Defendants.

## **DEFENDANTS' RESPONSE TO PLAINTIFF'S SCHEDULING REQUEST**

The defendants hereby address the plaintiff's scheduling request and other assertions set forth in the Plaintiff's Response to Defendants' Status Report (Docket 20), which the Court is treating as motion for a scheduling order. (Docket 21).

The plaintiff requests a scheduling order that would incorporate (1) "limited" fact discovery to be completed between now and January 31, 2013; (2) a joint pretrial statement by February 15, 2012; (3) trial at the earliest available date; and (4) disclosure of expert opinions thirty days before trial. The plaintiff's scheduling order omits a timeline for filing, opposing and arguing dispositive motions. For the following reasons, defendants oppose the request.

At the December 10, 2012 hearing, the Court declined to rule on the plaintiff's motion for a preliminary injunction (Docket 2). The Court directed that were plaintiff to renew his request for preliminary relief, the Court would hold a consolidated trial on the

preliminary injunction and the merits forthwith, but otherwise, a trial on the merits would occur in the ordinary course. Plaintiff is not now seeking preliminary relief that would require an expedited schedule.

Neither of the two additional matters referenced by the plaintiff, the new disciplinary report (Document 15-3) and the P-2 move issue, warrants expedited scheduling. Neither the disciplinary report, which charges plaintiff with offenses including possession of a weapon discovered at approximately 12:30 p.m. on December 10, 2012, nor the plaintiff's current awaiting action placement pending the disciplinary hearing, are within the scope of the complaint. Plaintiff would have to establish a basis for Federal Court jurisdiction over the disciplinary matter, but plaintiff has not even moved for leave to amend the complaint pursuant to Fed. R. Civ. P. 15. The disciplinary hearing has not yet been held; indeed, plaintiff's counsel has just requested that the disciplinary officer continue the disciplinary hearing until after the New Year.[1] Plaintiff has not provided any reason why this matter is even ripe for adjudication or would even engender a cognizable claim. It is well established that disciplining a pretrial detainee for violating prison rules during his pretrial detention does not constitute impermissible punishment. Collazo-Leon v. United States Bureau of Prisons, 51 F.3d 315 (1st Cir. 1995).

Prior to the issuance of Disciplinary Report No. 270575, plaintiff resided in general population in the L-1 Unit. He had been offered and refused a transfer to the P-2

---

[1] Assuming that the plaintiff could assert Federal jurisdiction over the disciplinary matter, consideration of an appropriate scheduling order would have to take into account the time frame attendant to the disciplinary process, including the appellate process necessary in order for the plaintiff to exhaust his administrative remedies. See 103 CMR 430, Inmate Discipline.

Unit in November, resulting in an earlier disciplinary report for refusing a housing assignment, to which he plead guilty. Notwithstanding the guilty plea, plaintiff's counsel asserted at the preliminary injunction hearing that plaintiff did not understand that he was being offered a housing move in November. Pursuant to the Court's direction at the 2:00 p.m. hearing on December 10, the plaintiff was again offered a transfer to P-2 that evening, and he again refused. As a practical matter, the new disciplinary charges would have precluded this move. The plaintiff now disputes that he was offered P-2 on December 10 (Document 20-1, ¶ 6). He claims that that the reporting officer who issued the disciplinary report stated, "Looks like you won't be going to P-2." If plaintiff were to be believed, this statement allegedly made earlier on Monday would have been made in anticipation of the Court's Monday afternoon directive.

What plaintiff intends by "limited discovery" is that plaintiff should be allowed to engage in very extensive discovery (seven requests for production, seven interrogatories, deposition of each defendant, and a Rule 30(b)(6) deposition, and the potential for expert testimony), but that defendants should be afforded only "limited" time for response, i.e., only until January 18, 2013 for the paper discovery and only until January 31, 2013 for completion of the depositions. This schedule is patently unreasonable and apparently intended to present undue burdens on the defendants and on the undersigned counsel. It is noted that in January, in addition to attending to other litigation responsibilities, the undersigned counsel needs to devote a substantial amount of time in his role as counsel to the procurement team that is currently engaged the procurement of new contracts for the provision of medical and mental health services to all inmates in Department custody. Bidder proposals are due on January 3, 2013 and the several lengthy proposals will need

to be read, analyzed and compared. Bid review meetings are scheduled for January 23-25 and the bidders' oral presentations to the procurement team on February 6-8. The procurement team will meet thereafter to score the bids and make contract award recommendations to the Commissioner of Correction. Additionally, the undersigned counsel is lead counsel in the case, <u>Disability Law Center v. Department of Correction, et al.</u>, D.Mass. 07-cv-10463-MLW. Pursuant to the settlement agreement in this case, the plaintiff's psychiatric expert and counsel are entitled to conduct thrice-yearly site visits to Department facilities. A site visit has been proposed for February 2013, which will require a substantial expenditure of counsel's time preparing clients, accompanying the visit and responding to the site visit report of the plaintiff's expert.

In light of the above considerations, the defendants propose that the Court issue a Scheduling Order by which discovery by both parties (including a deposition of the plaintiff) would be completed by Friday, March 29, 2012 and dispositive motions filed by Friday, April 26, 2013. Defendants reserve all rights to seek protective orders as may be necessary to limit the scope of any discovery propounded by the plaintiff.

Dated: December 19, 2012                    Respectfully submitted,

                                            NANCY ANKERS WHITE
                                            Special Assistant Attorney General

                                            /s/ William D. Saltzman
                                            William D. Saltzman
                                            BBO No. 439749
                                            Department of Correction
                                            70 Franklin Street, Suite 600
                                            Boston, Massachusetts 02110-1300
                                            (617) 727-3300, Ext. 154
                                            wdsaltzman@doc.state.ma.us

## CERTIFICATE OF SERVICE

  I, William D. Saltzman, counsel for defendants, hereby certify that I did serve the aforementioned document upon counsel for plaintiff through the Court's electronic filing system (ECF).

Dated: December 19, 2012            s/ William D. Saltzman
                     William D. Saltzman