IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT FORD,<br>                Plaintiff,<br><br>v.<br><br>BRUCE GELB, et al.<br>                Defendants. | Civil Action No. 12-cv-12079-WGY |

## THE PARTIES' JOINT RULE 26(f) REPORT

Plaintiff Albert Ford and defendants Bruce Gelb, Michael Rodrigues, and Osvaldo

Vidal, (collectively, "Defendants"), by their undersigned counsel, pursuant to this Court's

December 26, 2012 Order, file this Joint Report pursuant to Federal Rule 26(f) and Local

Rule 16.1(d).

**I.      FEDERAL RULES OF CIVIL PROCEDURE 26(f) CONFERENCE**

Pursuant to Fed. R. Civ. P. 26(f), counsel for Mr. Ford and counsel for the

Defendants conferred via a telephone conference on January 7, 2013.

**II.     THE PARTIES' STATEMENT OF THE CASE**

**A.      Plaintiff Ford's Statement of the Case**

Mr. Ford, a pretrial detainee, alleges that the Defendants have violated his

procedural and substantive due process rights under the United States and Massachusetts

Constitutions.  From early September to November 2012, Defendants held Mr. Ford in

segregated confinement at the Souza-Baranowski Correctional Center ("Souza-

Baranowski") without notice of the reasons of his harsh confinement, a hearing, or any

process whatsoever. Even after Mr. Ford filed his complaint and motion for a preliminary

injunction, the Defendants continued to hold Mr. Ford in segregated confinement on the

*January 22, 2013*
*/s/ D.J.*

*So ordered as the case management*
*scheduling order.*
        Discovery due _April 26, 2013_
        Dispositive Motions due _April 26, 2013_

_William G. Young_
District Judge

basis of alleged disciplinary violations.  Mr. Ford disputes the disciplinary charges and

believes they constitute a pretext for continuing to hold him in punitive conditions of

confinement.[1]  Specifically, Mr. Ford alleges the following:

- His segregated confinement as a pretrial detainee constitutes improper punishment in violation of his substantive due process rights under the Fourteenth Amendment of the United States Constitution and Articles 1, 10, and 12 of the Massachusetts Declaration of Rights (Pl.'s Mem. Supp. Mot. Prelim. Inj. 15-17, ECF No. 4; Pl.'s Compl. ¶¶ 39-47, ECF No. 1);

- In being held in segregated confinement without notice or a hearing, he was denied due process of the law in violation of his procedural due process rights under the Fourteenth Amendment of the United States Constitution and Articles 1, 10, and 12 of the Massachusetts Declaration of Rights (Pl.'s Mem. Supp. Mot. Prelim. Inj. 10-15, ECF No. 4; Pl.'s Compl. ¶¶ 48-53, ECF No. 1).

## B.     The DOC Defendants' Statement

Mr. Ford's fifty-nine day confinement, which occurred from September 9, 2012 to

November 7, 2012, did not constitute improper punishment in violation of his substantive

due process rights under the United States Constitution and the Massachusetts

Declaration of Rights. Placement of a pretrial detainee on awaiting action status is

permissible. *See Valentin v. Murphy*, 95 F.Supp.2d 99 (D. Conn. 2000) (rejecting claim

that the protective segregation of a pretrial detainee who was a former law enforcement

officer constituted unlawful punishment). Moreover, the Supreme Judicial Court has

recently held that placement on awaiting action for less than ninety (90) days without a

hearing does not violate due process. *LaChance v. Comm'r of Correction*, 463 Mass.

767, 778 (2012) ("we announce ... for the first time that segregated confinement on

---

[1] Plaintiff disagrees with the Defendants' legal arguments, and specifically notes that *LaChance v. Comm'r of Correction*, 463 Mass. 767, 778 (2012), is of limited relevance to Mr. Ford's case because the inmate in *LaChance* was not a pretrial detainee.

awaiting action status for longer than ninety days gives rise to a liberty interest entitling

an inmate to notice and a hearing.").

As noted by the plaintiff, the disciplinary charges occurred after Mr. Ford filed

the instant lawsuit, and as such, the matter of Mr. Ford's discipline is outside the scope of

the complaint. Even if the discipline were within the scope of the complaint, such charges

are not subject to review by the Court for reasons including the fact that the disciplinary

hearing occurred on January 7, 2013, that the decision has not yet issued, and Mr. Ford

has not exhausted his administrative and other remedies. Moreover, it is clearly

established in this circuit that disciplining a detainee for a specific institutional

disciplinary violation does not violate the detainee's substantive due process rights.

*Collazo-Leon v. United States Bureau of Prisons,* 51 F.3d 315 (1st Cir. 1995).

### III.   PROPOSED SCHEDULE[2]

| Event | Mr. Ford's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Parties exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | January 22, 2013 | |
| Fact Discovery Closes | March 15, 2013 | April 26, 2013 |
| Plaintiff's Disclosure of Expert Testimony Under Fed. R. Civ. P. 26(a)(2)(A-B) | March 22, 2013 | May 3, 2013 |
| Defendants' Disclosure of Expert Testimony Under Fed. R. Civ. P. 26(a)(2)(D)(ii) | April 5, 2013 | The earlier of June 3, 2013 or thirty (30) days after Plaintiff's Expert Disclosure |
| Expert Discovery Closes | April 26, 2013 | Thirty (30) days after Defendants' Expert Disclosure |
| Final Pretrial Conference | On or after May 10 | On or after July 5, 2013 |

---

[2] Defendants structure their proposed schedule based upon the considerations set forth in the Defendants' Response to the Plaintiff's Scheduling Request (Docket #22).

| Event | Mr. Ford's Proposed Schedule | Defendants' Proposed Schedule |
|---|---|---|
| Dispositive Motions | At any time | |
| Trial | TBD | |

## IV.   CHANGES IN TIMING, FORM OR REQUIREMENT FOR INITIAL DISCLOSURE

The parties agree that no changes to the disclosures required under Fed. R. Civ. P.

26(a) are required.  As set forth above in the Joint Proposed Schedule, the parties agree

that they should exchange initial disclosure statements pursuant to Fed. R. Civ. P. 26(a),

including a description of documents by category, by January 22, 2013.

## V.   SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED

### A.   Mr. Ford

Mr. Ford anticipates that he will need discovery regarding at least the following:

- The basis for the Defendants' decision about where to confine Mr. Ford as a pretrial detainee, including all communications regarding same;
- The conditions in the L-1 unit at Souza-Baranowski and the reasons for which other inmates are held there;
- Mr. Ford's treatment as a pretrial detainee and the conditions of his confinement;
- The allegations against Mr. Ford contained in the December 4 and 11, 2012 affidavits of Michael Rodrigues;
- The basis of and circumstances surrounding disciplinary charges made against Mr. Ford following the filing of his complaint in this case.

### B.   Defendants

Defendants anticipate that their discovery will include the deposition of Mr. Ford

and of witnesses who may be identified by Mr. Ford.

## VI. ISSUES ABOUT DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED

The parties will negotiate a format for the production of any electronically stored information if and when it is determined that any such information exists and falls within the scope of any discovery requests and is not privileged.

## VII. ISSUES ABOUT CLAIMS OF PRIVILEGE PROTECTION AS TRIAL-PREPARATION MATERIALS, AND OTHER DISCOVERY MATTERS

### A. Protective Order

If a party determines that any requested discovery cannot be produced without a protective order, the parties will endeavor to negotiate a stipulated protective order to be submitted for the Court's approval. This agreement in no way waives any claims of privilege that defendants deem appropriate and necessary.

### B. Scope of Permissible Discovery

#### 1. Defendants' Position

Defendants maintain that Mr. Ford is not entitled to discovery on allegations regarding recent disciplinary charges made against him as these allegations are outside the scope of the complaint. In the event that Mr. Ford seeks discovery on these allegations, Defendants intend to seek a protective order.

#### 2. Mr. Ford's Position

Defendants have asserted that Mr. Ford must amend his complaint in order to obtain discovery regarding disciplinary charges that were asserted against him after he filed the instant complaint. Mr. Ford disagrees with that position on the grounds that Defendants' violations of his Constitutional rights are ongoing, as alleged in his complaint. *See e.g.,* Pl.'s Compl. ¶¶ 36, 38, ECF No. 1. Under such circumstances, discovery into Defendants' conduct during the entirety of Mr. Ford's pretrial confinement

is permitted. *Schuurman v. Town of N. Reading*, 139 F.R.D. 276, 277 (D. Mass. 1991)

("Relevance is to be broadly construed at the discovery stage of the litigation and a

request for discovery should be considered relevant if there is *any* possibility that the

information sought may be relevant to the subject matter of the action.") (emphasis in

original) (quoting *Gagne v. Reddy*, 104 F.R.D. 454, 456 (D. Mass. 1984)).

Mr. Ford requests that the Court address this issue at the scheduling conference.

If the Court believes amendment to the complaint is required, Mr. Ford asks that the

Court establish a deadline by which he may amend his complaint.

## VIII.  CHANGES IN THE LIMITATIONS ON DISCOVERY IMPOSED UNDER THE FEDERAL RULES OF CIVIL PROCEDURE AND THE LOCAL RULES

The parties do not request any changes to the limitations on discovery imposed

under the Federal Rules of Civil Procedure or the Local Rules.

## IX.  OTHER ORDERS THE COURT SHOULD ISSUE UNDER RULE 26(c) OR UNDER RULE 16(b) AND (c)

The parties agree that at this time no other orders are necessary under Fed. R. Civ.

P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

## X.  EFFORTS MADE TO SETTLE OR RESOLVE THE CASE TO DATE

While no settlement negotiations have occurred to date, Mr. Ford is willing to

engage in such negotiations at an appropriate juncture.

ALBERT FORD
By his attorneys,

/s/ Lisa J. Pirozzolo
Lisa J. Pirozzolo (BBO # 561922)
Timothy D. Syrett (BBO # 663676)
Marissa K. Eisenberg (BBO # 677876)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
Tel:  (617) 526-6000

- 6 -