UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ALBERT FORD,

    Plaintiff,

v.

BRUCE GELB, Superintendent of the Souza
Baranowski Correctional Center;
OSVALDO VIDAL, Deputy Superintendent;
MICHAEL RODRIGUES, Deputy Superintendent,

    Defendants.

No. 1:12-cv-12079-WGY

## [PROPOSED] *w/ay* STIPULATED PROTECTIVE ORDER

For the reasons set forth below, the parties, by their respective counsel, move that the Court enter this Protective Order to facilitate the disclosure of certain Intelligence Information, Criminal Offender Record Information and Private Policies to the plaintiff's counsel, as well as other confidential discovery materials by either party, subject to the terms and conditions set forth below.

1.     The plaintiff Albert Ford is a pretrial detainee who is currently confined at the Souza Baranowski Correctional Center (SBCC). The defendants are Bruce Gelb, Superintendent of SBCC, and Deputy Superintendents Osvaldo Vidal and Michael Rodrigues.

2.     Plaintiff's counsel have propounded discovery seeking the disclosure of certain documents, including documents that defendants assert constitute or contain Intelligence Information and Criminal Offender Record Information as defined by G.L. c. 6,

§ 167,[1] and of documents consisting of Department of Correction Private Policies. For the purpose of this Protective Order, the term "Private Policies" shall mean Department of Correction policies that are not designated for public access pursuant to 103 DOC 104.09 and Department of Correction facility policies and procedures that are designated for staff access only.

    3.    <u>Intelligence Information</u>. – The defendants state that the aforementioned Intelligence Information consists of certain records and communications concerning the plaintiff, specifically, information received from other inmates by officers of the SBCC Inner Perimeter Security (IPS) team who are responsible for gathering intelligence and conducting investigations within SBCC. Defendants state that the Intelligence Information concerning the plaintiff was received from confidential informants and from other inmates who have been interviewed by IPS officers. Defendants state that the Intelligence Information consists of statements describing potential threats to the plaintiff's safety at SBCC. Defendants assert that the confidentiality of Intelligence Information that may reveal the identity of the aforementioned confidential informants or other inmates who have provided information to

---

[1] "Intelligence information" is defined as "records and data compiled by a criminal justice agency for the purpose of criminal investigation, including reports of informants, investigators or other persons, or from any type of surveillance associated with an identifiable individual. Intelligence information shall also include records and data compiled by a criminal justice agency for the purpose of investigating a substantial threat of harm to an individual, or to the order or security of a correctional facility."

"Criminal Offender Record Information" is defined as "records and data in any communicable form compiled by a Massachusetts criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release. Such information shall be restricted to that recorded as the result of the initiation of criminal proceedings or any consequent proceedings related thereto. Criminal offender record information shall not include evaluative information, statistical and analytical reports and files in which individuals are not directly or indirectly identifiable, or intelligence information. Criminal offender record information shall be limited to information concerning persons who have attained the age of 17 and shall not include any information concerning criminal offenses or acts of delinquency committed by any person before he attained the age of 17; provided, however, that if a person under the age of 17 is adjudicated as an adult, information relating to such criminal offense shall be criminal offender record information. Criminal offender record information shall not include information concerning any offenses which are not punishable by incarceration."

IPS officers must be preserved in order to maintain security at SBCC and the safety of inmates and staff. Department of Correction regulations preclude the dissemination of Intelligence Information to inmates or their counsel.[2] In this case, defendants maintain that information contained in said Intelligence Information is directly relevant to the plaintiff's awaiting action confinement at SBCC. Accordingly, the Protective Order is structured to provide the substance of such information to plaintiff's counsel while maintaining the confidentiality of the sources of such information in order to preserve individual and institutional safety and security. Subject to the conditions of this Protective Order, the defendants will provide such Intelligence Information to the plaintiff's counsel with the names and identifiers of inmates other than the plaintiff redacted. Any documents that consist of or contain Intelligence Information shall not be disseminated to the plaintiff or to any other current or former inmate, or except as provided herein, to anyone who is not employed by the law firm of WilmerHale.

4. <u>Criminal Offender Record Information</u>. – Access to and dissemination of CORI is governed by G.L. c. 6, § 168, et seq. CORI pertaining to the plaintiff may be disseminated pursuant to a signed release from the plaintiff. This Protective Order is intended to facilitate the dissemination of CORI pertaining to other inmates, specifically, the depiction of other inmates in video recordings of the units on which the plaintiff has resided, in a manner which protects the privacy of those other inmates. Therefore, subject to the conditions of this Protective Order, the defendants will provide plaintiff's counsel with CORI depicting or pertaining to inmates other than the plaintiff, and in the case of "paper"

---

[2] Massachusetts statutes define but do not provide for the dissemination of Intelligence Information. The dissemination of Intelligence Information is prescribed by regulations of the Department of Correction. Specifically, 103 CMR 157.07, <u>Access to and Dissemination of Evaluative Information</u>, states: "An individual or the individual's representative shall not have access to intelligence information pertaining to the individual."

documents, with inmate names and identifiers redacted. Documents that consist of or contain CORI not relating to the plaintiff shall not be disseminated to the plaintiff or to any other current or former inmate, or except as provided herein, to anyone who is not employed by the law firm of WilmerHale. All CORI documents pertaining exclusively to the plaintiff may be disseminated to him pursuant to his signed release.

5. Private Policies. – Subject to the terms of this Protective Order, the defendants will provide plaintiff's counsel with Private Policies as defined in Section 2 of this Protective Order that are responsive to discovery. Private Policies shall not be disseminated to the plaintiff, to any other current or former inmate, or except as provided herein, to anyone who is not employed by the law firm of WilmerHale.

6. Redactions. – Defendants will utilize a uniform identification protocol which assigns a permanent alias to each individual whose identity is redacted (e.g., Inmate A, Inmate B). Under this protocol, a single alias per individual will be used consistently across all materials redacted pursuant to this Protective Order.

7. Highly Confidential – Attorney's Eyes Only. – All records and information provided pursuant to this Protective Order must be identified as being subject to this Protective Order and must bear designations indicating the level of confidentiality to which they are subject. Specifically, all documents produced subject to this Protective Order that contain Intelligence Information, CORI or Private Policies, as defined above, and only those documents, must bear a clearly legible designation of "Highly Confidential – Attorney's Eyes Only." These documents must also indicate the basis for this designation with a clearly legible designation of "Intelligence Information," "CORI," "Private Policies" or any applicable combination thereof.

8.   Confidential. – All information or materials that disclose confidential and sensitive medical or financial data or information involving privacy interests must be designated as "Confidential." Absent a specific order by this Court, once designated as "Confidential," such designated information shall be used by the parties solely in connection with this litigation, and not for any other purpose or function, and such information shall not be disclosed to anyone except as provided herein. The designation by either party of information or materials provided by the defendants as "Confidential" or "Highly Confidential – Attorney's Eyes Only" shall not be construed to restrict the right of the Department of Correction, its officials, employees and contractors, to utilize such information in the ordinary course of the operation of the correctional institutions of the Commonwealth and the provision of care and custody to inmates confined at such institutions.

9.   The designation of information or material as "Highly Confidential – Attorney's Eyes Only" or "Confidential" for purposes of this Protective Order shall be made in the following manner by the party or nonparty seeking protection:

> a.   in the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY", respectively, to each page of any document containing any confidential or highly confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the

    confidential or highly confidential nature of the information or material disclosed and sought to be protected hereunder; and

b. in the case of depositions or other pretrial or trial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial or trial proceeding that the entire transcript or a portion thereof shall be designated as "Confidential" or ""Highly Confidential", respectively, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within fifteen (15) business days after receipt by counsel of the transcript of the deposition. During a deposition, the deponent or his counsel, or any other counsel of record present at the deposition, may invoke the provisions of this Protective Order in a timely manner, giving adequate warning to counsel for the party or nonparty that testimony about to be given is deemed "Confidential" or "Highly Confidential." The parties shall treat all deposition and other pretrial and trial testimony as "Confidential" hereunder until the expiration of fifteen (15) business days after receipt by counsel of the transcript of the deposition. Unless so designated, any confidentiality is waived after the expiration of the fifteen (15) business day period unless otherwise stipulated or ordered. The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court. If any document or information designated as "Confidential" or "Highly Confidential" is used during the course of a deposition, that portion of the

deposition record reflecting such confidential information shall be sealed and stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY", respectively, and access thereto shall be limited pursuant to the other terms of this Protective Order.

10. Documents, interrogatory responses, responses to requests for admission, deposition transcripts, or other information or material designated as "Confidential" or ""Highly Confidential – Attorney's Eyes Only" where filed with the pleadings or as evidence, shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Pleadings, memoranda, or other papers containing information or material designated as "Confidential" or "Highly Confidential – Attorney's Eyes Only" shall also be filed in sealed envelopes marked with the case name and number of this action, the title of the paper which contains the information or material designated as "Confidential," and a statement substantially in the following forms, respectively:

CONFIDENTIAL UNDER PROTECTIVE ORDER
THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.

or

"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" UNDER PROTECTIVE ORDER. THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER ISSUED BY THE COURT. THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE CONTENTS TO BE EXAMINED, DISPLAYED, REVEALED, OR COPIED EXCEPT IN COMPLIANCE WITH THE PROTECTIVE ORDER.

11. A party may challenge the designation of information or materials produced herein, including but not limited to designations of "Highly Confidential – Attorney's Eyes Only", "Confidential", "Intelligence Information," "CORI," "Private Policies" or any applicable combination or variation thereof, by serving a written objection upon the producing party. The producing party shall notify the challenging party in writing of the

bases for the asserted designation within seven (7) business days after receiving any written objection. The parties shall confer in good faith as to the validity of the designation within five (5) business days after the challenging party has received the notice of the bases for the asserted designation. To the extent the parties are unable to reach an agreement as to the designation, the objecting party may make an appropriate application for *in camera* review to this Court within fifteen (15) business days after conferring with the producing party. Such applications may include, but are not limited to, requests that (1) the designation of specific or groups of documents as "Confidential", "Highly-Confidential – Attorney's Eyes Only", "Intelligence Information," "CORI," "Private Policies" or any applicable combination or variation thereof, be removed or altered, or (2) specifically identified documents, information, and/or deposition testimony be excluded from provisions of this Protective Order. The objecting party must provide notice to the non-objecting party on the same day the application to this Court is submitted. Consequently, producing parties must submit both redacted and non-redacted versions of the material in question to this Court within five (5) business days of receiving notice of the objecting party's application. Failure to submit the redacted and non-redacted versions of the material in question within the five (5) business day timeframe will result in waiver of the asserted designation. Either party shall be entitled to request a hearing before the District Court Judge and present evidence and testimony relevant to the designation of the material in question. Until a dispute over the asserted designation is finally resolved by the parties or the Court, all parties and persons shall treat the information or materials in question as it was initially designated as either "Highly Confidential – Attorney's Eyes Only" or "Confidential."

  12. All counsel for the parties who have access to information or material designated as "Highly Confidential – Attorney's Eyes Only" or "Confidential" under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

13. Plaintiff's counsel may access the aforementioned Intelligence Information, CORI and Private Policies only for the limited purpose of representing the plaintiff in the instant litigation, and not for any other litigation or purpose. Subject to any orders issued by the Court, plaintiff's counsel may utilize the aforementioned Intelligence Information, CORI and Private Policies as necessary for depositions, to present or oppose dispositive motions and for the trial of this litigation.

14. Plaintiff's counsel may access the aforementioned Intelligence Information, CORI and Private Policies only for such time until the final resolution of the instant litigation and any appeal that may arise from said litigation. Upon the final resolution of said litigation and any appeal that may arise from said litigation, plaintiff's counsel shall return all such Intelligence Information, CORI and Private Policies to counsel of record for the defendants or certify their destruction of such information.

15. For the sole and limited purpose of representing the plaintiff in the instant litigation, plaintiff's counsel may disseminate, provide, show or describe the aforementioned Intelligence Information, CORI and Private Policies only to other counsel of record for the plaintiff in this litigation and related support staff, other counsel employed by plaintiff's counsel and related support staff, any witness at deposition or trial who is not prohibited from reviewing such and information, and any expert witness retained by plaintiff's counsel and related support staff. Plaintiff's counsel may not disseminate, provide, show or describe the aforementioned Intelligence Information, CORI and Private Policies to any person who is a current or former inmate in any jurisdiction or who has been convicted of a felony in any jurisdiction.

16. Plaintiff's counsel shall take all measures to maintain the security of the aforementioned Intelligence Information, CORI and Private Policies as required by this Protective Order.

17. Plaintiff's counsel shall immediately notify defendants' counsel in the event that the aforementioned Intelligence Information, CORI or Private Policies are accessed, copied, disseminated, discussed or otherwise utilized in any manner that is not specifically authorized by this Protective Order. In such case, plaintiff's counsel shall immediately return all such Intelligence Information, CORI or Private Policies to defendants' counsel or certify to its destruction.

18. Nothing contained in this Protective Order shall limit the right of defendants' counsel to seek an order from the Court, including protective orders and orders of impoundment or other orders limiting or imposing conditions for the utilization of the aforementioned Intelligence Information, CORI and Private Policies in any court proceeding.

19. Nothing contained in this Protective Order shall limit the right of plaintiff's counsel to (1) seek further information regarding specific redactions; or (2) challenge defendants' designation of certain documents, including but not limited to designations of "Highly Confidential – Attorney's Eyes Only", "Confidential", "Intelligence Information," "CORI," "Private Policies", "Evaluation Information", or any applicable combination or variation thereof, and to bring such challenged documents to the attention of the Court. Moreover, nothing in this Protective Order constitutes an admission by plaintiff of the relevance or admissibility of any document produced pursuant to the Protective Order. Furthermore, nothing in this Protective Order shall limit the rights of plaintiff or plaintiff's

counsel to request additional information from defendants, including the identification of potential witnesses, or to subpoena such witnesses.

20. This Protective Order shall be binding on any and all other counsel who may appear in this case for the plaintiff, any and all other counsel and employees of the law firm of plaintiff's counsel, and any expert witnesses or consultants retained by plaintiff's counsel, and it shall survive the termination of employment or contract of any person employed or retained by the law firm of plaintiff's counsel who may be subject to said Protective Order.

21. *Nothing shall be filed in Court pursuant to the terms*

Respectfully submitted,

| The plaintiff, | The defendants, |
|---|---|
| ALBERT FORD, | BRUCE GELB, OSVALDO VIDAL, and MICHAEL RODRIGUES, |
| By his attorneys: | By their attorneys: |
| /s/ Marissa Eisenberg<br>Lisa J. Pirozzolo (BBO # 561922)<br>Timothy D. Syrett (BBO # 663676)<br>Marissa K. Eisenberg (BBO # 677876)<br>Wilmer Cutler Pickering Hale<br>    and Dorr LLP<br>60 State Street<br>Boston, MA 02109<br>Tel: (617) 526-6000<br>Fax: (617) 526-5000 | NANCY ANKERS WHITE<br>Special Assistant Attorney General<br><br>/s/ William D. Saltzman<br>William D. Saltzman<br>BBO No. 439749<br>Department of Correction Legal Division<br>70 Franklin St., Suite 600<br>Boston, Massachusetts 02110<br>(617) 727-3300 ext. 154<br>wdsaltzman@doc.state.ma.us |

Dated: March 15, 2013

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: *March 15, 2013*

*William M Young*
The Honorable William G. Young